IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

IN RE:

| | | |
|---|---|---|
| ONE ACCORD WORSHIP CENTER, | ) | Case No. 10-73674-FJS |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| FOUNDATION CAPITAL RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ONE ACCORD WORSHIP CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(a)

Foundation Capital Resources, Inc. ("Foundation Capital"), by counsel and pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure and L.B.R. 4001(a)-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, moves the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division ("Bankruptcy Court"), to enter an order granting Foundation Capital relief from the automatic stay provisions of 11 U.S.C. § 362(a) to enforce the Loan Documents (as that term is defined in paragraph 6) or, in the alternative, conditioning the continuation of the automatic stay on adequate protection being afforded to Foundation Capital pursuant to 11 U.S.C. §361. In support of its motion, Foundation Capital respectfully states as follows:

Paul K. Campsen, Esq. (VSB No. 18133)
Dennis T. Lewandowski, Esq. (VSB No. 22232)
Kaufman & Canoles, a professional corporation
150 W. Main Street, Suite 2100
Norfolk, VA 23510
(757) 624-3000 – Telephone
(757) 624-3169 – Facsimile

*Counsel for the Foundation Capital Resources, Inc.*

## JURISDICTION

1. This is a contested matter brought in the Case (as this term is defined in paragraph 2) pursuant to 11 U.S.C. § 362(d)(1) and (d)(2). Therefore, it is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (G) and (O). The Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

2. On August 5, 2010, One Accord Worship Center (the "Debtor"), a duly organized unincorporated association under the laws of the Commonwealth of Virginia, filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code, as case number 10-73674-FJS ("Case"), at which time an Order for Relief was entered. The Debtor continues in possession of its assets as a debtor-in-possession pursuant to 11 U.S.C. §§1107 and 1108. More specifically the Debtor is the owner of a church property and uncompleted improvements located at 1516 Volvo Parkway, Chesapeake, Virginia, and more particularly described in the Deed of Trust (as defined in paragraph 5 below). A trustee has not been appointed in this Case.

3. Foundation Capital is now, and at all times relevant to this controversy has been, a Georgia corporation, authorized to do business in Virginia, and is the holder of the Note (as defined in paragraph 4 below) and beneficiary of the Deed of Trust (as defined in paragraph 5 below), and is a secured creditor of the Debtor, as more fully explained below.

## COMMON FACTS

**A.     The Obligations.**

4. On or about March 30, 2007 Foundation Capital agreed to make a loan to the Debtor in the aggregate principal amount of Four Million Nine Hundred Ninety Nine Thousand

Five Hundred and 00/100 Dollars ($4,999,500.00). The loan is evidenced by, among others, the following documents:

    a.    A Secured Note ("Note") dated March 30, 2007 in the original principal amount of Four Million Nine Hundred Ninety Nine Thousand Five Hundred and 00/100 Dollars ($4,999,500.00) made, executed and delivered by the Debtor, payable to the order of Foundation Capital. A copy of the Secured Note is attached as **Exhibit 1**.

    b.    An Agreement Regarding Interest and Charges ("Agreement") dated March 30, 2007. A copy of the Agreement is attached as **Exhibit 2.**

5.    To secure the payment and other obligations due under the Note, the Debtor made, executed and delivered, among other things, a Deed of Trust, Assignment of Rents and Leases, and Security Agreement ("Deed of Trust") dated March 30, 2007, which conveyed the Property to Lawyers Title Realty Services, Inc., as trustee. The Deed of Trust was recorded on April 12, 2007 in the Clerk's Office of the Circuit Court of the City of Chesapeake, Virginia in Deed Book 7033, at page 763. A copy of the Deed of Trust is attached as **Exhibit 3**.

6.    Foundation Capital is the current owner of the Note and the beneficiary of the Deed of Trust. The Note, Agreement, Deed of Trust, and the other loan documents executed in connection therewith are collectively referred to as the "Loan Documents."

**B.    Defaults.**

7.    The Debtor is, and continues to be, in default under the Loan Documents due to the failure of the Debtor to comply with its obligations under the Loan Documents, specifically involving its failure to make the installment payments due under the Note. The last monthly payment on the Note was made in September, 2009.

8. As a result of the foregoing default stated in the previous paragraph, by letter dated October 7, 2009, Foundation Capital demanded full payment under the Note.

9. Despite demand, the Note has not been paid in full.

**C.  The Loan Balance and the Collateral.**

10. The following amounts are due under the Note as of August 4, 2010:

| | | |
|---|---|---:|
| a. | Principal | $ 4,939,302.74 |
| b. | Interest | 493,901.80 |
| c. | Prepayment Fee | 49,393.02 |
| d. | Late Charges | 52,295.23 |
| e. | Other charges | 4,009.91 |
| | TOTAL | 5,538,902.70 |

Interest continues to accrue at the rates stated in the Note. In addition, reasonable attorneys' fees and other costs and charges are due as provided in the Loan Documents.

11. The construction of the building on the Property, which has not been completed, ceased in the summer of 2009, over 1 year ago, and the Property is not occupied.

## GROUNDS FOR RELIEF

12. As a result of the various defaults under, and the nonperformance of the covenants of the Loan Documents, Foundation Capital's interest in the Property is not being adequately protected.

13. Furthermore, the apparent removal of the chandeliers and the valuable outside lights constitute direct proof that the value of the uncompleted, unoccupied Property is deteriorating. This constitutes further proof that Foundation Capital's interest in the Property is not being adequately protected.

**NO EQUITY/NOT NECESSARY – 11 U.S.C. § 362(d)(2)**

14. There is no equity in the Property for the benefit of the Debtor's creditors. The Property has an assessed value of $5,514,600 and is encumbered by debt totaling at least

4

$5,538,902.70 plus continuing interest, and reasonable attorneys' fees and other charges as provided in the Loan Documents.

15.  11 U.S.C. § 362(d)(2)(B) requires the Debtor to establish that the Property is both needed for its reorganization to be successful and that a reorganization is feasible within a reasonable time. While the Debtor may believe that the Property is necessary for its reorganization, the Debtor is not able to establish that a feasible plan will be filed and can be timely confirmed.

16.  No significant construction activity has taken place on the Property in over 1 year, and no monthly payments have been made to Foundation Capital for a similar amount of time.

## NOTICE

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this Case. (If you do not have an attorney, you may wish to consult one).**

**If you do not wish the Bankruptcy Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then within 14 days from the date of service of this motion, you must file a written responses explaining your position with the Bankruptcy Court and serve a copy on the movant. Unless a written response is filed and served within this 14-day period, the Bankruptcy Court may deem opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice of hearing.**

**If you mail your response to the Bankruptcy Court for filing, you must mail it early enough so the Bankruptcy Court will receive it on or before the expiration of the 14-day period.**

**You will be notified separately of the hearing date on the motion.**

WHEREFORE, Foundation Capital prays that the Bankruptcy Court enter an order terminating the automatic stay provisions of 11 U.S.C. § 362(a) to permit Foundation Capital to exercise its remedies, legal and equitable, under state law and under the Loan Documents against the Property or, in the alternative, conditioning the continuation of the automatic stay provisions of 11 U.S.C. § 362(a) on adequate protection being afforded to Foundation Capital pursuant to 11 U.S.C. § 362 and 11 U.S.C. § 361.

**FOUNDATION CAPITAL RESOURCES, INC.**

By: */s/ Dennis T. Lewandowski*
Counsel

Paul K. Campsen, Esq., VSB No. 18133
Dennis T. Lewandowski, Esq. VSB No. 22232
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
757-624-3000 (p)
757-624-3169

*Counsel for Foundation Capital Resources, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of September, 2010, service of the foregoing *Motion for Relief from Automatic Stay Provisions of 11 U.S.C. §362(a)* is being sent by the Court's Electronic Case Filing System and by U.S. Mail, postage prepaid, to the following:

>Joseph T. Liberatore, Esq.
>Crowley, Liberatore & Ryan
>1435 Crossways Boulevard, Suite 300
>Chesapeake, VA 23320
>
>Debera F. Conlon, Assistant
>  United States Trustee
>Office of the United States Trustee
>Room 625, Federal Building
>200 Granby Street
>Norfolk, VA 23510

and also being mailed, first class mail, postage prepaid, to those listed on the attached Service List.

>_____/s/ Dennis T. Lewandowski_____

#1650660